IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: : CHAPTER 7
:
STEVEN THOMAS BELLANO :
        DEBTOR : BANKRUPTCY NO. 08-18248 SR
:

# OPINION

BY: STEPHEN RASLAVICH, CHIEF UNITED STATES BANKRUPTCY JUDGE.

**Introduction.**

The Debtor seeks to reopen his Chapter 7 case[1] in order to reaffirm a debt. For the reasons set forth below the request will be denied.

**Background.**

In December 2008 the Debtor filed this Chapter 7 case. A discharge was entered in March 2009. In January 2010 the Debtor moved to reopen the case in order to avoid judicial liens and to modify mortgage loans. The case was reopened, the judicial liens were avoided, but no modification of the mortgage loans occurred. The case was closed again in April 2010.

In July 2011 the Debtor moved to reopen the case yet again in order to modify the mortgage loans. The Debtor's home is encumbered by two mortgages held by Citizens's Bank. Because he is in unable to afford the total mortgage payments, the Debtor seeks a loan modification under the Federal HAMP[2] program. As a condition to

---

[1]Bankruptcy Rule 5010 provides that a case may be reopened on motion of the debtor or other party in interest.

[2]Home Affordable Mortgage Program

modifying the loan, Citizens requires that Debtor reaffirm personal liability for the two mortgage loans.

**Discussion.**

*Reopening a Case*

Any bankruptcy "case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C.A. § 350(b). A case will be reopened only where one of the three stated ground are found to exist. *In re Lee*, 356 B.R. 177, 180 (Bankr.N.D.W.Va. 2006). The party moving to reopen a case has the burden of proof. *In re Cloninger*, 209 B.R. 125, 126 (Bankr.E.D.Ark. 1997). The decision to reopen a case is within the Court's sound discretion. *Apex Oil Co. v. Sparks (In re Apex Oil* Co.), 406 F.3d 538, 542 (8th Cir. 2005); *In re Shondel,* 950 F.2d 1301, 1304 (7th Cir. 1991) .

As to which of the three grounds in § 350(b) support his request to reopen, the Debtor does not specifically state. Certainly, what he intends here does not involve administration of assets. Equally, because "cause" in this context has not been defined,[3] the Court is hesitant to interpret Debtor's request to suggest that. What remains is reopening his case "to accord relief." That seems consistent with what Debtor trying to do here: the motion explains that if the Debtor may reaffirm his mortgage debt, then Citizens will restructure his monthly mortgage obligation to make it feasible.

---

[3] 3 *Collier on Bankruptcy*, ¶ 350.03[5]

2

*Reaffirmation*
*and Discharge*

That "relief," however, is in tension with a fundamental bankruptcy policy; to wit, the "fresh start" that attends a bankruptcy discharge. If approved, the reaffirmation agreement would reestablish the personal liability which would otherwise be discharged. But that is not to say that the principle is absolute. Where the assumption of personal liability which would otherwise be discharged is in the debtor's best interest, the Code provides the following:

> An agreement between a holder of a claim and the debtor, the consideration for which, in whole or in part, is based on a debt that is dischargeable in a case under this title is enforceable only to any extent enforceable under applicable nonbankruptcy law, whether or not discharge of such debt is waived, only if–
>
> (1) *such agreement was made before the granting of the discharge under section 727, 1141, 1228, or 1328 of this title;*
>
> (2) the debtor received the disclosures described in subsection (k) at or before the time at which the debtor signed the agreement;
>
> (3) such agreement has been filed with the court and, if applicable, accompanied by a declaration or an affidavit of the attorney that represented the debtor during the course of negotiating an agreement under this subsection, which states that–
>
> (A) such agreement represents a fully informed and voluntary agreement by the debtor;
>
> (B) such agreement does not impose an undue hardship on the debtor or dependent of the debtor; and
>
> (C) the attorney fully advised the debtor of the legal effect and consequences of--

3

>   (i) an agreement of the kind specified in this subsection; and
>   (ii) any default under such an agreement;
>
>   (4) the debtor has not rescinded such agreement at any time prior to discharge or within sixty days after such agreement is filed with the court, whichever occurs later, by giving notice of rescission to the holder of such claim;
>
>   (5) the provisions of subsection (d) of this section have been complied with;

11 U.S.C.A. § 524(c)(1)-(5) (emphasis added).

*Timing*

The statute clearly requires that the Debtor seek approval of the agreement prior to obtaining a discharge. Bankruptcy Rule 4008 constrains that time period even further. *See* B.R. 4008(a) (requiring that the agreement be filed not later than 60 days after the first date set for the creditors meeting). While enlargement of that deadline is within the Court's discretion, *see id.* and 11 U.S.C. § 521(a)(2)(B) (allowing court to grant debtor additional time to reaffirm), it must be sought prior to discharge. *See In re Mardy*, 2011 WL 917545, at *4 (Bankr.E.D.N.Y. Mar. 15, 2011) Bankruptcy Rule 4004 specifically provides that after the deadline to object to discharge passes, a discharge must be granted "forthwith," unless, *inter alia*, a motion to enlarge the time to file a reaffirmation agreement is pending. B.R. 4004(c)(1)(J). No such extension was sought and so, as result, the discharge was entered in due course.

The majority of courts hold that a reaffirmation agreement made post-discharge is unenforceable. *See, e.g., In re Stewart*, 355 B.R. 636, 638–39 (Bankr.N.D.Ohio 2006) (declining to invoke the court's equitable authority to overcome plain,

4

unambiguous statutory language); *In re Gibson,* 256 B.R. 786, 788 (Bankr.W.D.Mo.2001) (citing lack of jurisdiction as rationale for declining to approve post-discharge reaffirmation); *In re Rigal,* 254 B.R. 145, 148 (Bankr.S.D.Tex.2000); *In re Collins,* 243 B.R. 217, 220 (Bankr.D.Conn.2000); *In re Reed,* 177 B.R. 258, 259–60 (Bankr.N.D .Ohio 1995); *In re Whitmer,* 142 B.R. 811, 814 (Bankr.S.D.Ohio 1992); *In re Brinkman,* 123 B.R. 611, 612 (Bankr.N.D.Ind.1991); *Winters Nat'l Bank & Trust Co. v. McQuality (In re McQuality),* 5 B.R. 302, 303 (Bankr.S.D.Ohio 1980); *In re Mardy,* 2011 WL 917545, at *3 (Bankr.E.D.N.Y. Mar. 15, 2011); *In re Engles,* 384 B.R 593, 598 (Bankr. N.D. Okla 2008); *In re Clark,* 2010 WL 5348721, at *5 (Bankr.E.D.N.Y. Dec. 21, 2010); *In re Suber,* 2007 WL 2325299, at *3 (Bankr.D.N.J. Aug.13, 2007). A minority line of authority relies upon the bankruptcy court's equitable powers and/or Fed.R.Civ.P. 60(b)(6) to allow post-discharge reaffirmation agreements but only finding that a demanding evidentiary burden has been met. *See, e.g., In re Edwards,* 236 B.R. 124, 126–27 (Bankr.D.N.H.1999) (requiring "special circumstances" to be shown); *In re Eccleston,* 70 B.R. 210, 213 (Bankr.N.D.N.Y.1986) (requiring "extraordinary circumstances."); *In re Long,* 22 B.R. 152, 154 (Bankr.D.Me.1982); and *In re Solomon,* 15 B.R. 105, 106 (Bankr.E.D.Pa.1981).

In considering the facts of this case against both the majority and minority rationales, the Court sees that the equities supporting Debtor's request are not insignificant. He stands to reduce his monthly mortgage obligation to an affordable level. That, however, does not allow the Court to expand the limits of the Bankruptcy Code. As the Court in *Stewart, supra,* explained

> Debtor's "logic" argument misconstrues the Court's authority
> under § 105(a). A bankruptcy court's equitable powers
> "must and can only be exercised within the confines of the
> Bankruptcy Code." *Norwest Bank Worthington v. Ahlers,* 485
> U.S. 197, 206, 108 S.Ct. 963, 99 L.Ed.2d 169 (1988).
> Bankruptcy courts cannot "use equitable principles to
> disregard unambiguous statutory language." *In re C–L
> Cartage Co., Inc.,* 899 F.2d 1490, 1494 (6th Cir.1990).
> Section 105(a) "may be invoked only if, and to the extent
> that, the equitable remedy dispensed by the court is
> necessary to preserve an identifiable right conferred
> elsewhere in the Bankruptcy Code." *In re Jamo,* 283 F.3d
> 392, 403 (1st Cir.2002). Moreover, because "reaffirmation
> agreements are not favored," strict compliance with § 524(c)
> is mandated. *See in re Bennett,* 298 F.3d 1059, 1067 (9th Cir.2002).

355 B.R. at 638-639. As a matter of bankruptcy law, the Court is thus constrained to deny Debtor's request to reopen his bankruptcy case.

*Limited Exception*

This requirement has been relaxed where the parties reached an agreement to reaffirm prior to discharge but filed the formal agreement *post-discharge*. *See, e.g., In re Davis,* 273 B.R. 152, 153 (Bankr.S.D.Ohio 2001); *In re Whiseant,* 265 B.R. 164, 167 (Bankr.E.D.Ark. 2001); *In re Mason*, 2004 Bankr. LEXIS 609 (Bankr.N.D.Ga.2004); *In re LeBeau*, 247 B.R. 537, 540-541 (Bankr.M.D.Fla. 2000); *In re Merritt*, 366 B.R. 637, 639-640 (Bankr.W.D.Tex. 2007); *cf In re Mortensen*, 444 B.R. 225, 231 (Bankr.E.D.N.Y.) (motion to reopen granted to allow assumption of motor vehicle lease).

In the instance case, there is no evidence that the parties reached an agreement prior to discharge. Again, the discharge was granted in April 2010. The copies of the agreement with Citizens Bank are dated June 24, 2011. *See* Motion, Ex. A. By the Debtor's own admission, Citizens is unable to give final consideration and approval of

6

the modified loan terms until the Debtor re-assumes personal liability for the underlying debt.  See Motion, ¶ 7.  This is not a case of post-discharge reaffirmation of a pre-discharge agreement.

*HAMP Eligibility*

But aside from the paramount policy of enforcing a bankruptcy discharge, the Court questions the operative premise of Debtor's motion.  He maintains that the lender may require his entry into a reaffirmation agreement as a precondition to loan modification.  This strikes the Court as dubious.  Indeed, the pertinent directive issued by the Treasury Department explains that reaffirmation is not required:

> Borrowers who have received a Chapter 7 bankruptcy discharge in a case involving the first lien mortgage who did not reaffirm the mortgage debt under applicable law are eligible for HAMP. The following language must be inserted in Section 1 of the Home Affordable Modification Agreement: "I was discharged in a Chapter 7 bankruptcy proceeding subsequent to the execution of the Loan Documents. Based on this representation, Lender agrees that I will not have personal liability on the debt pursuant to this Agreement."

Supplemental Directive 10–02, Home Affordable Modification Program–Borrower Outreach and Communication, at 8, *available at* https://www.hmpadmin.com/por tal/programs/docs/hamp_servicer/sd1002.pdf (March 24, 2010). *See In re Tincher*, 2011 WL 2650569, at *3 (Bankr.D.S.C. July 5, 20111) ("This directive makes clear that debtors who file bankruptcy were intended to be eligible for HAMP post-bankruptcy, without being required to reaffirm their mortgage debt.")  As a result, this Debtor does not have to sign a reaffirmation agreement with Citizens to be eligible for a HAMP

7

modification post-bankruptcy.  For that reason as well, the case will remain closed.

An appropriate Order follows.

By the Court:

*[signature]*

Stephen Raslavich
Chief U.S. Bankruptcy Judge

Dated: <u>August 11, 2011</u>